1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   MARIO BORUNDA,                    )    NO. CV 14-5850-BRO (AGR)
12                 Petitioner,         )
13          v.                         )
14   MARION SPEARMAN, Warden,          )    ORDER ACCEPTING FINDINGS
                                       )    AND RECOMMENDATION OF
15                 Respondent.         )    UNITED STATES MAGISTRATE
                                       )    JUDGE
16                                     )
17   _____ )

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records

19   on file, and the Report and Recommendation of the magistrate judge.  Further,

20   the Court has engaged in a *de novo* review of those portions of the Report to

21   which Petitioner has objected.  The Court accepts the findings and

22   recommendation of the magistrate judge.

23          On February 2, 2007, Petitioner pled no contest to residential burglary.

24   (Petition at 2.)  He was sentenced to 22 years in prison.  The Report found that

25   the federal habeas petition was time-barred by at least four years.  (Report at 3

26   (constructive filing date here), 4 (statutory tolling), 5 (equitable tolling), 6 (date of

27   discovery).)

28

1    The Report found that Petitioner's conviction became final on April 3, 2007,

2    and the statute of limitations expired on April 3, 2008.  (Report at 3.)  The

3    calculation of these dates was based on the finding that Petitioner did not appeal

4    his conviction.  (*Id.* at 2, 3.)

5    In his objections, Petitioner states that he appealed the conviction.

6    (Objections at 2.)  On April 4, 2007, Petitioner submitted a Notice of Appeal with a

7    request for a certificate of probable cause.  (Objections, Ex. A at 1-2.)  On April

8    10, 2007, Central Criminal Appeals referred the matter to the trial court for a

9    ruling on Petitioner's request and asked the court to return the request to Central

10   Criminal Appeals after ruling.  (*Id.* at 4.)  On the same day, April 10, the trial court

11   denied the request for a certificate of probable cause.  (*Id.* at 2.)  On April 16,

12   2007, Central Criminal Appeals notified Petitioner that because his request for a

13   certificate of probable cause was denied, his Notice of Appeal had been marked

14   as "received," not "filed," and was placed in the case file with no further action.

15   (*Id.* at 5.)

16   "Under California law, the denial of a certificate of probable cause limits the

17   scope of any direct appeal to the pre-plea denial of a motion to suppress

18   evidence or grounds arising post-plea that do not challenge the plea's validity."

19   *Forch v. Paramo*, 2014 WL 1289456, *5 (C.D. Cal. Jan. 31, 2014) (citing Cal

20   Penal Code § 1237.5 & Cal. R. Ct. 8.304(b)), *adopted by* 2014 WL 1289787

21   (March 30, 2014).  "Where a certificate of probable cause has been denied on the

22   merits, the remedy is to seek review of the propriety of the denial through a[n] . . .

23   application for a writ of mandate" within 60 days of the trial court's denial.  *Scott v.*

24   *Brazelton*, 2013 WL 5467474, *2 n.3 (C.D. Cal. Sept. 27, 2013).

25   Petitioner has not identified any timely writ of mandate he filed with the

26   California Court of Appeal or indeed any direct appeal he submitted to the Court

27   of Appeal.  Therefore, his objection is OVERRULED.

28   Petitioner's remaining objections are without merit.

2

1    IT IS ORDERED that the petition is denied and the action dismissed with

2  prejudice.

3

4

5

6  DATED:  December 12, 2014

_____

BEVERLY REID O'CONNELL
United States District Judge

3